(959 P.2d 929)
No. 79,824

STATE OF KANSAS, *Appellant*, v. TONY L. COWDIN, *Appellee*.

Opinion filed May 22, 1998.

*Bryan M. Hastert*, deputy county attorney, *Lawrence M. Wright*, county attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Jacqueline Reid-Peterson*, of Topeka, for the appellee.

Before LEWIS, P.J., RULON, J., and JACK A. MURPHY, District Judge, assigned.

LEWIS, J.: The State of Kansas prosecutes this interlocutory appeal from an order suppressing evidence obtained from defendant's residence pursuant to a search warrant.

The legal problems for this defendant began when the police responded to a domestic dispute call at his residence. Defendant and his wife, Heidi, were present and involved in a domestic dispute. Heidi plays a significant role in the developing story.

When Undersheriff Craig Davis arrived at defendant's house in response to the domestic disturbance call, he was invited into the home by defendant. While at defendant's home, Davis saw, in plain view, a Bendix/King radio in the house. This was of some significance because the sheriff's department had been made aware of the fact that defendant was suspected of receiving radios stolen from the Wellsville Police Department. To Davis' knowledge, Bendix/King radios, such as he had seen in defendant's home, are not sold to individuals but are sold only to fire departments and police departments.

Davis left the house and advised the sheriff of what he had seen. The sheriff decided to ask Heidi to come to the sheriff's office for questioning. Heidi did so and was interviewed for more than 2 hours and was at the office for approximately 10 hours.

While at the sheriff's office, Heidi told the officers conducting the questioning that defendant had received property stolen from the Wellsville Police Department and that he was in possession of guns, marijuana, and other drugs. She pinpointed for the officers the location of the contraband in defendant's house.

Based on her information, an application was made for a search warrant. The affidavit identified Heidi as the informant, indicated that she resided at the residence to be searched along with defendant, who is her husband, and recited the facts she had provided to the police officers.

Defendant's arguments and the trial court's basis for suppressing the evidence is based on what the affidavit did not say. The affidavit did not point out a recent false report of rape by Heidi, her past use of drugs, and a theft conviction. Heidi was also rumored to be having an extramarital affair with a member of the Ottawa Police Department. None of this information was disclosed in the affidavit. However, at least as to the information concerning the alleged affair, the record shows the officers who prepared the affidavit had only heard rumors about the affair and had no hard evidence that it was actually taking place.

The affidavit was taken to a magistrate, who issued a search warrant authorizing the search of the residence of Heidi and defendant. The search was executed, and it is apparent that the information provided by Heidi was accurate; a varied quantity of drugs were found, along with stolen guns and other items of contraband.

The trial court, after hearing defendant's motion to suppress, granted the motion and suppressed the evidence seized under the search warrant. It did so for the following reasons:

(1) There was no information in the affidavit regarding the reliability of past information provided to law enforcement. Because of the domestic disturbance call, the affidavit on its face provides the bias of the informant.

(2) There was no corroboration in the affidavit for the information provided by Heidi, other than what Davis saw at the residence.

(3) Davis is a credible witness, but his observation is insufficient corroboration of the information provided by defendant's wife.

(4) "The affidavit omitted information that Heidi Cowdin had been previously convicted of falsely reporting a crime; that she had, at least twice previously, been institutionalized for drug abuse, and in fact, may have been intoxicated at the time she gave information to the officers; and that she was romantically involved with a City of Ottawa police officer."

(5) "These omissions from the affidavit, on the part of affiant Campbell, were deliberate, and material. They were deliberate in the sense that Officer Campbell was aware of the information, and simply chose not to include it, and they were material,

from the standpoint that they could have substantially affected Judge Fromme's analysis of the totality of the circumstances, in determining the sufficiency of the affidavit."

(6) *United States v. Leon,* 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, *reh. denied* 468 U.S. 1250 (1984), and Kansas cases interpreting the *Leon* doctrine do not apply because of the willful omission of certain information from the affidavit.

In determining whether the trial court erred in suppressing evidence, the first inquiry is whether the warrant was properly issued. The standard of review on that issue is well established:

"Before a warrant for arrest or search may be issued, there must be a finding of probable cause by a neutral and detached magistrate. The complaint should supply the magistrate with sufficient factual information to support an independent judgment that probable cause exists. . . . Probable cause is the reasonable ground for belief that a specific crime has been committed and that the defendant has committed or is committing it. . . . Probable cause does not require specific evidence of each element of the offense as would be needed to support a conviction. Probable cause exists if the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed." *State v. Abu-Isba,* 235 Kan. 851, 853-54, 685 P.2d 856 (1984).

" '[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." ' " *State v. Bartlett,* 14 Kan. App. 2d 237, 238, 787 P.2d 1211, *rev. denied* 246 Kan. 769 (1990). This standard of review applies equally to a trial court's review of a magistrate's decision as it does to an appellate court's review of the trial court's decision. 14 Kan. App. 2d at 239.

We have examined the affidavit in question and conclude that it did set out sufficient evidence for a magistrate to determine that there was probable cause that defendant was in possession of stolen property, that he was a felon in possession of a firearm, and that he was in possession of illegal drugs with no tax stamp. All of these facts were testified to by defendant's wife, who lived in the residence sought to be searched. The statements of defendant's wife were corroborated in part by the police officer's statement that he

had observed a Bendix/King radio in defendant's residence on the date of the domestic disturbance. The location of the guns, stolen property, and illegal drugs was pinpointed as accurately as possible by Heidi, who indicated that defendant had hidden or buried guns and illegal drugs on the property outside of the house. She stated that defendant had a Bendix/King radio sitting by his bed, which apparently was the same radio observed by Davis.

We do not hesitate to conclude that the affidavit in this case sets forth sufficient facts to enable a magistrate to find the necessary probable cause for the issuance of the warrant.

However, the trial court found the affidavit to be misleading, particularly so in its failure to disclose certain unpleasant facts of Heidi's past. The trial court went on to conclude that the omissions were deliberate and material and "substantially affected Judge Fromme's analysis of the totality of the circumstances, in determining the sufficiency of the affidavit."

First, it does not appear to this court that proper deference was paid to Judge Fromme, who issued the search warrant. We observe that the information in the affidavit was absolutely factual and not bald conclusions of fact. The names and the addresses of the informants were stated in the affidavit.

"While the sufficiency of an affidavit for a search warrant is to be determined by an analysis of the totality of the circumstances, the veracity of a confidential informant, the reliability of the information furnished by an informant, and the basis of the informant's knowledge are factors to be considered in making such a determination." *State v. Probst*, 247 Kan. 196, Syl. ¶ 2, 795 P.2d 393 (1990).

It appears to us there are certain informants who, because of their obvious knowledge of the facts at issue, are more likely to provide reliable facts than others. The affidavit in this case stated that defendant and Heidi were husband and wife and resided at 2092 Jackson Road, Ottawa, Franklin County, Kansas. The address for which the warrant was sought was 2092 Jackson Road, Ottawa, Franklin County, Kansas. We believe no further showing of reliability was required once it was disclosed that the informant was defendant's spouse and that she resided at the address to be searched.

We hold that the affidavit in question was more than sufficient to provide probable cause for the issuance of the search warrant in this case.

The next issue is that of the concealed information. The trial court found that the police officers had deliberately omitted facts concerned with: (a) Heidi's affair with another police officer; and (b) Heidi's past criminal record.

The question is whether those omissions were material and rendered the affidavit unreliable. We hold they were not.

The trial court found that the affidavit omitted the fact that Heidi was romantically involved with a City of Ottawa police officer. The problem is that the officers who were executing the affidavit knew nothing of the alleged affair other than gossip they had heard. There was no need for the officers to include gossip in their affidavit. Search warrants are issued on disclosed facts and not on the latest rumors in town. In fact, the only evidence we can find on this issue is that the police officer with whom Heidi may have been involved was not a Franklin County sheriff's deputy and was not involved in any way in the arrest or preparation of this case.

We do believe, however, that the affidavit should have disclosed Heidi's past criminal record and all of its ramifications. The deliberate omission of these facts is regrettable; however, we conclude it was not material under the circumstances.

In *State v. Lockett*, 232 Kan. 317, 320, 654 P.2d 433 (1982), the Supreme Court, in discussing omissions from affidavits, said: "However, even if the omission were deliberate it must also be material. In other words, if the issuing judge had the omitted information before him when he examined the affidavit, would a finding of probable cause to issue a search warrant still have been proper?"

We cannot imagine that a qualified judge such as Judge Fromme would simply ignore all of the specific facts listed in the affidavit if he had been told that one of the informants had been convicted of a crime, was having an affair, and had used drugs in the past. There is no question that if the omitted material had been included in the affidavit, the warrant would still be supported by a showing

of probable cause, and we hold the information omitted was not material.

The State then argues that this evidence should be admitted under the good faith exception of *United States v. Leon*, 468 U.S. 897. We do not reach the issue of *Leon*. We have already indicated that, in our opinion, the search warrant in this case was not defective. *Leon* does not apply when a warrant is valid and executed for the terms on its face.

We hold as follows: (1) The affidavit executed by Heidi and the sheriff's officer and placed before the issuing magistrate judge set forth sufficient facts to allow the magistrate to make an intelligent and independent determination that probable cause existed for the issuance of the search warrant. (2) There was no requirement that the officers state in the affidavit that they were aware of a rumor that Heidi was having an affair with an Ottawa police officer. (3) The omission of the fact concerning Heidi's criminal record from the affidavit was error and should have been included. However, the omission was not material. Even with the omitted facts, the affidavit showed sufficient probable cause to support the issuance of the warrant. The evidence seized under the search warrant was admissible, the trial court's ruling to the contrary is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.